ZACHARY M. BRIERS (#287984)
zachary.briers@mto.com
HEATHER TAKAHASHI (#245845)
heather.takahashi@mto.com
VINCENT Y. LING (#325228)
vincent.ling@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, California 90071-3426
Telephone: (213) 683-9100

*Attorneys for Defendant Google LLC*

Mayela C. Montenegro-Urch (#304471)
mmontenegro@shb.com
SHOOK, HARDY & BACON L.L.P.
Jamboree Center
5 Park Plaza, Suite 1600
Irvine, California 92614
Telephone: (949) 475-1500

*Attorneys for Plaintiff Sandpiper CDN, LLC*

*[Additional counsel listed on signature page]*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SANDPIPER CDN, LLC,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>GOOGLE LLC,<br><br>　　　　　Defendant. | Case No. 2:24-cv-03951-AB (RAO)<br><br>**[PROPOSED] PROTECTIVE ORDER**<br><br>Judge:　Hon. Rozella A. Oliver<br>　　　　　U.S. Magistrate Judge |

## 1.　PURPOSES AND LIMITATIONS

　　Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, Plaintiff Sandpiper CDN,

LLC and Defendant Google LLC (collectively, "the Parties") hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 14.5, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

**2.    DEFINITIONS**

2.1    <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under <u>Federal Rule of Civil Procedure 26(c)</u>.

2.3    <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.4    <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE".

2.5    <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6    <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve

as an expert witness or as a consultant in this action, (2) is not a past or current
employee of a Party or of a Party's competitor, and (3) at the time of retention, is
not anticipated to become an employee of a Party or of a Party's competitor.

2.7    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"
Information or Items: extremely sensitive "Confidential Information or Items,"
disclosure of which to another Party or Non-Party would create a substantial risk of
serious harm that could not be avoided by less restrictive means.

2.8    "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or
Items: extremely sensitive "Confidential Information or Items" representing
computer code and associated comments and revision histories, formulas,
engineering specifications, or schematics that define or otherwise describe in detail
the algorithms or structure of software or hardware designs, disclosure of which to
another Party or Non-Party would create a substantial risk of serious harm that could
not be avoided by less restrictive means.

2.9    House Counsel: attorneys who are members in good standing of at least
one state bar, who are employees of a Party or a Party's affiliate, and who have
responsibility for managing this action. House Counsel does not include Outside
Counsel of Record or any other outside counsel.

2.10    Non-Party: any natural person, partnership, corporation, association, or
other legal entity not named as a Party to this action.

2.11    Outside Counsel of Record: attorneys who are not employees of a Party
to this action but are retained to represent or advise a Party to this action and have
appeared in this action on behalf of that Party or are affiliated with a law firm which
has appeared on behalf of that Party.

2.12    Party: any party to this action, including all of its officers, directors,
employees, consultants, retained experts, and Outside Counsel of Record (and their
support staffs).

2.13    <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.14    <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium, and professional jury or trial consultants) and their employees and subcontractors who are not current employees of a Party's competitor.

2.15    <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or as "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.16    <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.    SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.    DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.    DESIGNATING PROTECTED MATERIAL**

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other Parties) expose the Designating Party to sanctions. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery. Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding native documents without pagination or transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains protected material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE") to each page that contains Protected Material.

(b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Designating Party when practical identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of

this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

Parties shall give the other Parties reasonable notice (a minimum of two business days) if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other Parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE".

5.3     <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1     <u>Timing of Challenges</u>. Any Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     <u>Meet and Confer.</u> The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that

1  the Designating Party is unwilling to participate in the meet and confer process in a

2  timely manner.

3         6.3    Judicial Intervention. If the Parties cannot resolve a challenge without

4  Court intervention, the Parties shall comply with the provisions of Civil Local Rule

5  37, including the pre-filing conference of counsel and filing of a joint stipulation

6  with the Challenging Party as the moving party. The Designating Party shall timely

7  participate in the meet and confer process defined by Civil Local Rule 37.

8         The burden of persuasion in any such challenge proceeding shall be on the

9  Designating Party. Frivolous challenges and those made for an improper purpose

10  (e.g., to harass or impose unnecessary expenses and burdens on other Parties) may

11  expose the Challenging Party to sanctions. All Parties shall continue to afford the

12  material in question the level of protection to which it is entitled under the

13  Designating Party's designation until the Court rules on the challenge.

14  **7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

15         7.1   Basic Principles. A Receiving Party may use Protected Material that is

16  disclosed or produced by another Party or by a Non-Party in connection with this

17  case only for prosecuting, defending, or attempting to settle this litigation, and such

18  Protected Material shall not be used for any business purpose, including but not

19  limited to advising or counseling on the acquisition of patents or patent applications,

20  or in connection with any other legal proceeding unless expressly permitted under

21  the terms of this Protective Order. Such Protected Material may be disclosed only to

22  the categories of persons and under the conditions described in this Order.[1] When

23  _____

24  [1] In the event a Non-Party witness is authorized to receive Protected Material that is

25  to be used during his/her deposition but is represented by an attorney not authorized

26  under this Order to receive such Protected Material, the attorney must provide, prior

27  to commencement of the deposition, an executed "Acknowledgment and Agreement

   to Be Bound" in the form attached hereto as Exhibit A. In the event such attorney

28

the litigation has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) no more than three House Counsel of the Receiving Party to whom disclosure is reasonably necessary for the management, supervision, or oversight of this litigation and three officer-level employees of a party who either has responsibility for making decisions dealing directly with the litigation in this action or who is assisting Outside Counsel of Record of the Receiving Party in preparation for proceedings in this action, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

---

declines to sign the "Acknowledgement and Agreement to Be Bound" prior to the examination, the Parties, by their attorneys, shall provide a copy of this Protective Order to such attorney and confirm on the record that such attorney shall be bound by the terms of this Protective Order. The Parties shall promptly seek Court intervention and move for a protective order before the examination proceeds if the attorney refuses to sign the "Acknowledgement and Agreement to Be Bound" or to agree on the record to be bound by this Protective Order.

Case No. 2:24-cv-03951-AB (RAO)

(c) Experts (as defined in this Order) of the Receiving Party and their direct reports or other support personnel employed to help in their analyses, to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) stenographic reporters, videographers, and Professional Vendors, as well as the staff of the stenographic reporters, videographers, and Professional Vendors, to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information, unless the Designating Party objects to the disclosure; and

(g) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A), unless the Designating Party objects to such disclosure or except as otherwise ordered by the Court. Before making such a disclosure, the Receiving Party must provide notice sufficient to allow the Designating Party to object. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to

disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) Experts of the Receiving Party and their direct reports or other support personnel employed to help in their analyses (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.5(a)(2), below and specifically identified as eligible to access "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items, have been followed;

(d) the Court and its personnel;

(e) stenographic reporters, videographers, and Professional Vendors, as well as the staff of the stenographic reporters, videographers, and Professional Vendors, to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information, unless the Designating Party objects to the disclosure; and

(g) during their depositions, (i) any current officer or director of the Producing Party; and/or (ii) any person designated by the Producing Party to provide testimony related to the information pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure. Before making such a disclosure, the Receiving Party must provide notice sufficient to allow the Designating Party to object. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

7.4    Disclosure of "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items. Unless otherwise ordered by the Court or permitted in writing

1  by the Designating Party, a Receiving Party may disclose any information or item

2  designated "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

3      (a) the Receiving Party's Outside Counsel of Record in this action, as well as

4  employees of said Outside Counsel of Record to whom it is reasonably necessary to

5  disclose the information for this litigation and who have signed the

6  "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit

7  A;

8      (b) up to four Experts to whom it is reasonably necessary to disclose the

9  information for this litigation, of the Receiving Party, and for each such Expert up to

10  two of their direct reports or other support personnel employed to help in his or her

11  analyses: (1) to whom disclosure is reasonably necessary for this litigation, (2) who

12  have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and

13  (3) as to whom the procedures set forth in paragraph 7.5(a)(2), below and

14  specifically identified as eligible to access "HIGHLY CONFIDENTIAL – SOURCE

15  CODE" Information or Items, have been followed;

16      (c) the Court and its personnel;

17      (d) stenographic reporters and videographers, as well as the staff of the

18  stenographic reporters and videographers, to whom disclosure is reasonably

19  necessary for this litigation and who have signed the "Acknowledgment and

20  Agreement to Be Bound" (Exhibit A) and are transcribing or videotaping a

21  deposition wherein "HIGHLY CONFIDENTIAL – SOURCE CODE" Information

22  or Items are being discussed, provided that such individuals shall not retain or be

23  given copies of any portions of the Source Code. If used during a deposition, copies

24  of any portions of the Source Code will not be attached as an exhibit to the

25  transcript, but instead shall be identified only by its production numbers;

26      (e) while testifying at deposition or trial in this action only: any person who

27  authored, previously received (other than in connection with this litigation) or was

28  directly involved in creating, modifying, or editing the "HIGHLY CONFIDENTIAL

– SOURCE CODE" Information or Items, as evident from its face or reasonably certain in view of other testimony or evidence. Persons authorized to view "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items pursuant to this sub-paragraph shall not retain or be given copies of the "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items except while so testifying. Only printed copies of the source code will be provided to testifying witnesses during their testimony, unless otherwise agreed upon by the Parties in advance of the deposition.

7.5 <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to Experts.</u>

(a)(1) Purposefully left blank.

(a)(2) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert[2] any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to paragraphs 7.3(b) or 7.4(b) first must make a written request to the Designating Party[3] that (1) identifies the general categories of "HIGHLY CONFIDENTIAL –

_____

[2] The disclosure obligations and procedures for an "Expert" in Paragraphs 7.5(a)-(d), also apply to his or her direct reports or other support personnel employed to help in his or her analyses.

[3] For a Designating Party that is a Non-Party, Experts previously disclosed and approved prior to the Non-Party's production of any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" need not be disclosed to said Non-Party unless such Non-Party requests such information prior to the production of any Protected Material. Moreover, unless otherwise requested by the Non-Party,

ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the Expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[4] and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as

_____

subsequently disclosed Experts need not be disclosed to the Non-Party before that Non-Party's Protected Material may be disclosed thereto.

[4] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

(d)    If new information about an Expert is later disclosed or discovered, a Party may object to disclosure of Protected Material to such Expert, provided the objection is timely made after the new information is disclosed or discovered. If a Party produces additional Protected Material after the time for objecting to an Expert has passed, the Party may object to disclosure of the Protected Material to such Expert, provided the objection is timely made after the production. Any such objection shall be handled in accordance with the provisions set forth above.

## 8.    PROSECUTION BAR

8.1    Absent written consent from either Party, any individual who receives access to "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" information designated by either Party shall not be involved in the prosecution of patents or patent applications relating to Content Delivery Networks (CDNs) and Domain Name Systems, including without limitation the patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents

asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office"). For purposes of this paragraph, "prosecution" includes (i) the preparation or prosecution (for any person or entity) of patent applications, including among others reexamination and reissue applications; or (ii) any activity related to directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims.[5] To avoid any doubt, "prosecution" as used in this paragraph does not include representing any Party before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination, or *inter partes* reexamination, *inter partes* review, or post grant review), provided any such representation on behalf of Sandpiper CDN, LLC or any of its affiliates does not relate to directly or indirectly drafting, amending, advising, or otherwise affecting the scope of patent claims. This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information is first received by the affected individual and shall end three (3) years after final termination of this action.

**9.    SOURCE CODE**

(a)    To the extent production of source code becomes necessary in this case, a Producing Party may designate material as "HIGHLY CONFIDENTIAL – SOURCE CODE" if it comprises, includes, or substantially discloses confidential, proprietary or trade secret source code or algorithms (collectively, "Source Code"). This material may include, among things, technical design documentation that comprises, includes, or substantially discloses source code or algorithms.

---

[5] Prosecution includes, for example, original prosecution, continuation, continuation-in-part, divisional, reissue, reexamination, *inter partes* review, and post grant review proceedings. Nothing in this provision prohibits counsel from paying patent maintenance fees.

1    (b)    Protected Material designated as "HIGHLY CONFIDENTIAL –
2  SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY
3  CONFIDENTIAL – ATTORNEYS' EYES ONLY" information including the terms
4  set forth in Paragraph 8, and may be disclosed only as set forth in Paragraph 7.4.

5    (c)    Any Source Code produced in discovery shall only be made available
6  for inspection, not printed or copied except as set forth below, in a format allowing
7  it to be reasonably reviewed and searched, during normal business hours or at other
8  mutually agreeable times, at (1) an office of the Producing Party or the Producing
9  Party's primary Outside Counsel of Record or (2) another mutually agreed upon
10  location. Any location under (1) or (2) shall be within the United States. The Source
11  Code shall be made available for inspection on a secured computer (the "Source
12  Code Computer") in a secured, locked room without Internet access or network
13  access to other computers, and the Receiving Party shall not copy, remove, or
14  otherwise transfer any portion of the Source Code onto any recordable media or
15  recordable device. The Source Code Computer will run reasonably current versions
16  of a Windows operating system and mutually agreed upon software tools.

17    If any licenses are needed for the software tools, those licenses must be
18  obtained and paid for by the requesting party. The Source Code Computer shall have
19  disk encryption and be password protected. Use or possession of any input/output
20  device (e.g., USB memory stick, mobile phone or tablet, camera or any camera-
21  enabled device, CD, floppy disk, portable hard drive, laptop, or any device that can
22  access the Internet or any other network or external system, etc.) is prohibited while
23  accessing the computer containing the Source Code. All persons entering the locked
24  room containing the Source Code must agree to submit to reasonable security
25  measures to ensure they are not carrying any prohibited items before they will be
26  given access to the locked room. The computer containing Source Code will be
27  made available for inspection during regular business hours, upon reasonable notice
28  to the producing party, which shall not be less than 3 business days in advance of

the requested inspection. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any Source Code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the Source Code.

(d)     No person shall copy, e-mail, transmit, upload, download, print, photograph or otherwise duplicate any portion of the designated "HIGHLY CONFIDENTIAL – SOURCE CODE" material, except that the Receiving Party may request paper copies of limited portions of Source Code, but only if and to the extent reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial. The Receiving Party may print no more than 30 consecutive pages, or an aggregate total of more than 700 pages, of Source Code during the duration of the case, to be identified by file name and page and line numbers. These limits may be increased by written agreement or on a showing of need. The Source Code may only be transported by the Receiving Party via hand carry. The Receiving Party shall not request paper copies for the purposes of reviewing the Source Code other than electronically as set forth in paragraph (c) in the first instance. Within 5 business days or such additional time as necessary due to volume requested, the Producing Party will provide three copies of the requested material on watermarked or colored paper bearing Bates numbers and the legend "HIGHLY CONFIDENTIAL – SOURCE CODE" unless objected to as discussed below. At the inspecting Party's request, up to one additional set (or subset) of printed Source Code may be requested and provided by the Producing Party in a timely fashion. Even if within the limits described, the Producing Party may challenge the amount of Source Code requested in hard copy form or whether the Source Code requested in hard copy form is reasonably necessary to any case preparation activity pursuant to the dispute resolution procedure and timeframes set forth in Paragraph 6 whereby the Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute resolution.

Contested printouts do not need to be produced to the Receiving Party until the matter is resolved by the Court.

(e)    The Receiving Party shall maintain a record of any individual who has inspected any portion of the Source Code in electronic or paper form. The Receiving Party shall maintain all printed portions of the Source Code in a secured, locked area under the direct control of counsel responsible for maintaining the security and confidentiality of the designated materials. Any paper copies designated "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be stored or viewed only at (i) the offices of Outside Counsel of Record for the Receiving Party, (ii) the offices of Experts who have been approved to access Source Code; (iii) the site where any deposition is taken (iv) the Court; or (v) any intermediate location necessary to transport the information to a hearing, trial or deposition. Any paper copies used during a deposition shall be retrieved by the Receiving Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

(f)    Any printed pages of Source Code, and any other documents or things reflecting Source Code that have been designated by the producing party as "HIGHLY CONFIDENTIAL – SOURCE CODE" may not be copied, digitally imaged or otherwise duplicated, except in limited excerpts as necessary to prepare or attach as exhibits to depositions, expert reports, or court filings. The Receiving Party may create an electronic image of a selected portion of the Source Code only when the electronic file containing such image has been encrypted using commercially reasonable encryption software including password protection.[6] The communication and/or disclosure of electronic files containing any portion of Source Code shall at all times be limited to individuals who are authorized to see

---

[6] Drafts shall only include those excerpts the Receiving Party believes will be included in the final version.

1    Source Code under the provisions of this Protective Order and must be labeled
2    "HIGHLY CONFIDENTIAL – SOURCE CODE."

3        (g)    The Receiving Party's Outside Counsel of Record and/or Expert shall
4    be entitled to take notes as set forth herein:

5            i.    To enable electronic note taking during Source Code reviews, the
6    Producing Party shall also provide an additional "note-taking"
7    computer loaded with at least Microsoft OneNote and Microsoft
8    Word software, unless otherwise agreed by the Producing and the
9    Receiving Parties. The note-taking computer shall either be a
10   portable laptop or be located in close proximity to the Source Code
11   Computer to facilitate electronic note taking.

12           ii.    At the beginning of a Source Code review session, the Producing
13   Party shall, when requested by the reviewer, upload to the note-
14   taking computer an encrypted notes file (e.g., using an encrypted
15   USB thumb drive from the Producing Party).

16         iii.    The reviewer may then decrypt and open the notes file using the
17   note-taking computer for the purpose of taking notes during the
18   Source Code review session. During the Source Code review
19   session, the Producing Party may disable any input and/or output
20   devices on the note-taking computer (e.g., disable any USB ports,
21   Wi-Fi or Ethernet connectivity, and/or optical disc drives) except
22   as necessary to enable the reviewer to take notes (e.g., enable
23   mouse and keyboard).

24         iv.    At the end of a Source Code review session, the reviewer may
25   save any notes in the same encrypted notes file. The Producing
26   Party shall, when requested by the reviewer, download from the
27   note-taking computer the encrypted notes file and provide an
28   electronic copy to the reviewer, which shall be designated

1    "HIGHLY CONFIDENTIAL—SOURCE CODE" and treated

2    accordingly under the terms of the Protective Order.

3    v.    Notwithstanding this provision, no reviewer may at any time copy

4    or include in electronic notes any portions or sections of the

5    Source Code. Reviewers using electronic note-taking will be

6    directed by undersigned counsel not to copy or include in

7    electronic notes any portions or sections of the Source Code.

8    Furthermore, the Producing Party may have a neutral party

9    ("Notes Examiner"), who is not an attorney and has no

10   involvement in this litigation or any other litigation (e.g., an

11   employee of the IT department at the law firm of the producing

12   Party), review the notes before they are encrypted solely to

13   confirm the notes do not include prohibited replications of Source

14   Code (other than directory paths, file paths, names, and line

15   numbers). The Notes Examiner may examine the notes file solely

16   for the purpose of determining compliance with this Protective

17   Order. The Notes Examiner may not discuss any aspect of the

18   notes file with the Producing Party, or any affiliate or

19   representative of the Producing Party, save to disclose the Notes

20   Examiner's belief that a violation of the Protective Order has

21   occurred and the basis for that belief. To the extent the Producing

22   Party claims a violation of the Protective Order arising from the

23   Notes Examiner's review of notes, the Producing Party shall not

24   have an automatic right to production or receipt of the notes, but

25   may request in camera inspection of the notes by the Court for a

26   determination of whether a Protective Order violation has occurred

27   and for appropriate relief, in the Court's discretion.

28

vi.    The review of notes by the Notes Examiner will not constitute a
waiver of any privilege or protection of the Receiving Party,
including work product protection.

vii.    If requested by the Producing Party, a copy of the encrypted notes
file shall remain on the note-taking computer, so long as it remains
encrypted.

viii.    If requested by the Producing Party, a representative for the
Producing Party may oversee the transfer of the encrypted notes
file from the secure data storage device to the note-taking
computer, and vice-versa, without reviewing the substance of the
electronic notes.

ix.    No notes shall be made or stored on the Source Code Computer, or
left behind at the site where the Source Code Computer is made
available, and any such notes shall be deleted or destroyed by the
Producing Party, without reviewing the substance of the notes,
upon discovery.

x.    The reviewer shall also be entitled to take handwritten notes
relating to the Source Code but may not copy the Source Code into
the notes. Such notes will be stamped and treated as "HIGHLY
CONFIDENTIAL – SOURCE CODE" and treated accordingly
under the terms of this Protective Order.

xi.    No copies of all or any portion of the Source Code may leave the
room in which the Source Code is inspected, except as otherwise
provided herein. Furthermore, no other written or electronic record
of the Source Code is permitted except as otherwise provided
herein.

1    xii.    The log of such notes need not be produced to any other party

2        absent Court Order (e.g., potentially in connection with a

3        Protective Order violation motion).

4    (h)    A list of names of persons who will view the Source Code will be

5    provided to the Producing Party in conjunction with any written (including email)

6    notice requesting inspection. The Receiving Party shall maintain a daily log of the

7    names of persons who enter the locked room to view the Source Code and when

8    they enter and depart.

9    (i)    The Receiving Party shall also maintain a log of all electronic images

10    and paper copies of Source Code Material in its possession or in the possession of

11    any person it delivers such Source Code to, including the names of the recipients

12    and reviewers of any electronic or paper copies and the locations where the copies

13    are stored. The Producing Party shall be entitled to a copy of these logs on five

14    business days' notice. Upon request by the Producing Party, the Receiving Party

15    shall provide reasonable assurances and/or descriptions of the security measures

16    employed by the Receiving Party and/or person that receives a copy of any portion

17    of the Source Code.

18    (j)    To the extent portions of Source Code are quoted in a SOURCE CODE

19    DOCUMENT, either (1) the entire document will be stamped and treated as

20    "HIGHLY CONFIDENTIAL – SOURCE CODE" or (2) those pages containing

21    quoted Source Code will be separately bound, and stamped and treated as

22    "HIGHLY CONFIDENTIAL – SOURCE CODE."

23    **10.    PROTECTED MATERIAL SUBPOENAED OR ORDERED**

24        **PRODUCED IN OTHER LITIGATION**

25    If a Party is served with a subpoena or a court order issued in other litigation

26    that compels disclosure of any information or items designated in this action as

27    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

28    ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.[7]

If the Designating Party timely[8] seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 11.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)    The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY

_____

[7] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

[8] The Designating Party shall have at least 14 days from the service of the notification pursuant to Section 10(a) to seek a protective order.

CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE". Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.    promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.    make the information requested available for inspection by the Non-Party.

(c)    If the Non-Party fails to object or seek a protective order from this Court within 14 (fourteen) days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely objects or seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.[9] Absent a Court order to the contrary, the

---

[9] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**12.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

If a Receiving Party authorized to access Protected Material ("Authorized Recipient") discovers any loss of Protected Material or a breach of security, including any actual or suspected unauthorized access, relating to another party's Protected Material, the Receiving Party or Authorized Recipient shall: (1) promptly provide written notice to Designating Party of such breach, including information regarding the size and scope of the breach; and (2) investigate and make reasonable efforts to remediate the effects of the breach. In any event, the Receiving Party or Authorized Recipient shall promptly take all necessary and appropriate corrective action to terminate any unauthorized access.

**13.    PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. If information is produced in discovery that is subject to a

claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return or destroy the specified information and any copies it has and may not sequester, use or disclose the information until the claim is resolved. This includes a restriction against presenting the information to the court for a determination of the claim. In addition, information that contains privileged matter or attorney work product shall be immediately returned if such information appears on its face to have been inadvertently produced.

Any disclosure of communications, information, or documents covered by the attorney-client privilege or work product protection is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Accordingly, the provisions of Federal Rule of Evidence 502(b) do not apply, and the disclosing party is not required to satisfy the elements of Rule 502(b) to properly assert the attorney-client privilege or work product protection over disclosed communications, information, and documents.

Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of communications, information, or documents for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

## 14.    MISCELLANEOUS

14.1    <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by agreement with the Parties or by moving the Court if such agreement cannot be reached. Furthermore, without application to the Court, any party that is a beneficiary of the protections of this Order may enter a written agreement releasing any other party hereto from one or more requirements

of this Order even if the conduct subject to the release would otherwise violate the terms herein.

14.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3    Export Control. Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. Each party receiving Protected Information shall comply with all applicable export control statutes and regulations. *See, e.g.,* 15 C.F.R. § 734. No Protected Information may leave the territorial boundaries of the United States of America or be made available to any foreign national who is not (i) lawfully admitted for permanent residence in the United States or (ii) identified as a protected individual under the Immigration and Naturalization Act (8 U.S.C. § 1324b(a)(3)). Without limitation, this prohibition extends to Protected Information (including copies) in physical and electronic form. The viewing of Protected Information through electronic means outside the territorial limits of the United States of America is similarly prohibited. Notwithstanding this prohibition, Protected Information, exclusive of material designated HIGHLY CONFIDENTIAL – SOURCE CODE, and to the extent otherwise permitted by law, may be taken outside the territorial limits of the United States if it is reasonably necessary for a deposition taken in a foreign country. The restrictions contained within this paragraph may be amended through the consent of the producing Party to the extent that such agreed to procedures conform with applicable export control laws and regulations.

14.4   <u>Filing Protected Material</u>. Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a Court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5 is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5 unless otherwise instructed by the court.

14.5   <u>Use of Protected Material at Hearing or Trial</u>. A Party shall provide a minimum of two (2) business days' notice to the Producing Party in the event that a Party intends to use any Protected Information during any hearing. Subject to any challenges under Section 6, the Parties will not oppose any reasonable request by the Producing Party that the courtroom be sealed, if allowed by the Court, during the presentation of any testimony, evidence, or argument relating to or involving the use of any Protected Material.

14.6   <u>No Limitation on Legal Representation</u>. Nothing in this Order shall preclude or impede Outside Counsel of Record's ability to communicate with or advise their client in connection with this litigation based on such counsel's review and evaluation of Protected Material, provided however that such communications or advice shall not disclose or reveal the substance or content of any Protected Material other than as permitted under this Order.

14.7    <u>Violations</u>. If any Party violates the limitations on the use of Protected Material as described above, the Party violating this Order shall be subject to sanctions, or any other remedies as appropriate, as ordered by the Court.

14.8    <u>Agreement Upon Execution</u>. Each of the Parties agrees to be bound by the terms of this Stipulated Protective Order as of the date counsel for such party executes this Stipulated Protective Order, even if prior to entry of this Order by the Court.

14.9    <u>Data Security</u>. Any person in possession of Protected Material will maintain appropriate administrative, technical, and organizational safeguards ("Safeguards") that protect the security and privacy of Protected Material. The Safeguards will meet or exceed relevant industry standards and limit the collection, storage, disclosure, use of, or access to Protected Material solely to personnel and purposes authorized by this Order. As part of these Safeguards, each person will use a secure transfer method for all transfers or communication of Protected Material, and take reasonable measures to password protect and encrypt Protected Material. Each person will ensure that anyone acting on that person's behalf is subject to the Safeguards or otherwise provides equivalent or greater protections for the security and privacy of Protected Material.

If Protected Material designated by Google LLC is to be used during a remote or virtual deposition, the deposition shall be conducted using Google Meet for audio/video-conferencing and Google Drive for exhibits.

## 15.    FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a

1  written certification to the Producing Party (and, if not the same person or entity, to

2  the Designating Party) by the 60-day deadline that (1) identifies (by category, where

3  appropriate) all the Protected Material that was returned or destroyed and (2) affirms

4  that the Receiving Party has not retained any copies, abstracts, compilations,

5  summaries or any other format reproducing or capturing any of the Protected

6  Material. Notwithstanding this provision, Counsel are entitled to retain an archival

7  copy of all motions and trial briefs (including all supporting and opposing papers

8  and exhibits thereto), written discovery requests and responses (and exhibits

9  thereto), deposition transcripts (and exhibits thereto), trial transcripts, hearing

10 transcripts, exhibits offered or introduced into evidence at any hearing, deposition,

11 or trial, final expert reports, and their attorney work product which refers or is

12 related to any CONFIDENTIAL and HIGHLY CONFIDENTIAL – ATTORNEYS'

13 EYES ONLY information for archival purposes only. Any such archival copies that

14 contain or constitute Protected Material remain subject to this Protective Order as

15 set forth in Section 4 (DURATION).

16 **16.    INTERPRETATION, ENFORCEMENT, AND CONTINUING**

17      **JURISDICTION**

18      The United States District Court for the Central District of California is

19 responsible for the interpretation and enforcement of this Order. After final

20 disposition of this litigation, the provisions of this Order shall continue to be binding

21 except with respect to that Disclosure or Discovery Material that become a matter of

22 public record. This Court retains and shall have continuing jurisdiction over the

23 Parties and recipients of the Protected Material for enforcement of the provision of

24 this Order following final disposition of this litigation. All disputes concerning

25 Protected Material produced under the protection of this Order shall be resolved by

26 the United States District Court for the Central District of California.

27      IT IS SO STIPULATED BY THE PARTIES' COUNSEL OF RECORD.

28

1  DATED: April 10, 2025                    Respectfully submitted,

2
        /s/ Robert H. Reckers                      /s/ Vincent Y. Ling
3

4  Mayela C. Montenegro-Urch (#304471)     Zachary M. Briers (#287984)
5  SHOOK, HARDY & BACON L.L.P.             Zachary.Briers@mto.com
   Jamboree Center                         Heather Takahashi (#245845)
6  5 Park Plaza, Suite 1600                Heather.Takahashi@mto.com
   Irvine, California 92614                VINCENT Y. LING (#325228)
7  Phone: (949) 475-1500                   Vincent.Ling@mto.com
8  mmontenegro@shb.com                     Andrew Delaplane (#329825)
                                           Andrew.Delaplane@mto.com
9  Robert H. Reckers (*pro hac vice*)      Adam W. Kwon (#327932)
10 SHOOK, HARDY & BACON L.L.P.             Adam.Kwon@mto.com
   600 Travis Street, Suite 3400           Matthew Miyamoto (#335933)
11 Houston TX 77002                        Matthew.Miyamoto@mto.com
12 Phone: 713.227.8008                     MUNGER, TOLLES & OLSON LLP
   rreckers@shb.com                        350 South Grand Avenue, 50th Floor
13                                         Los Angeles, California 90071-3426
14                                         Telephone: (213) 683-9100

15 *Attorneys for Plaintiff Sandpiper CDN,*
   *LLC*                                   Evan Mann (#322797)
16                                         Evan.Mann@mto.com
17                                         MUNGER, TOLLES & OLSON LLP
                                           560 Mission Street, 27th Floor
18                                         San Francisco, California 94105-3089
                                           Telephone: (415) 512-4000
19
20                                         *Attorneys for Defendant Google LLC*

21    **FOR GOOD CAUSE SHOWN IT IS SO ORDERED**.

22
23  Dated: April 11, 2025

24                                         _____
                                           Honorable Rozella A. Oliver
25                                         United States Magistrate Judge
26
27
28

                              -33-              Case No. 2:24-cv-03951-AB (RAO)
4914-8794-3476 v1             STIPULATED PROTECTIVE ORDER

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *Sandpiper CDN, LLC v. Google LLC*, Case. No. 2:24-cv-03951-AB-RAO. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed:

_____

Printed name:

_____
                    [printed name]


Signature:

_____
                    [signature]